IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William D. Morris, # 09416-021, ) | C/A No. 0:10-715-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND** |
| vs. ) | **RECOMMENDATION** |
| ) | |
| United States of America; ) | |
| United States Attorney, and ) | |
| Mark Carroll Moore, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, William D. Morris, ("Plaintiff"), a self-represented federal inmate, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is currently incarcerated at a Federal Prison Camp in Beaumont, Texas, serving a sentence he received following a guilty plea to criminal charges in the United States District Court for the Southern District of Georgia. Under the Complaint filed in this case, Plaintiff seeks to sue the United States, the Office of the United States Attorney for the District of South Carolina, and an Assistant United States Attorney ("AUSA") from South Carolina for money damages for each day that Plaintiff remains incarcerated. He claims that the damages arise from the AUSA's refusal to provide support for the United States Attorney involved in Plaintiff's federal criminal case in Georgia to file a Rule 35(b) motion[1] on Plaintiff's behalf after Plaintiff worked as a confidential informant for the South Carolina AUSA and provided important information

---

[1] Federal Rule of Criminal Procedure 35(b) permits the sentencing court to reduce a federal prisoner's sentence if he or she provides "substantial assistance in investigating or prosecuting another person." This reduction can only be requested by "upon the government's motion . . . ." Fed. R. Civ. P. 35(b).



about additional crimes committed by one of Plaintiff's fellow inmates. Plaintiff complains that his life was placed in constant danger after he provided the confidential information until he was transferred to a prison in Texas because the South Carolina AUSA "breached customary practice" by not separating him from the person whom he informed against, and then refusing to support the filing of a Rule 35(b) motion in Plaintiff's criminal case in Georgia. He claims that this "breach of policy or custom" subjects the defendants, whom he references as "municipalities," to liability under "42 U.S.C. § 1983." Despite Plaintiff's references, none of the named Defendants qualifies as a "municipality."[2]

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.;Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and

---

[2]A municipality, or municipal corporation, is defined as "[a] city, town, or other local political entity formed by charter from the state and having the autonomous authority to administer the state's local affairs." BLACK'S LAW DICTIONARY 1037 (7th ed. 1999).



a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**DISCUSSION**

Initially, since all named defendants are federal entities or employees, this case is being considered as a Bivens action even though Plaintiff cites to "42 U.S.C. § 1983" as the statutory basis for his damages claim. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971). In Bivens, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous



to a claim under 42 U.S.C. § 1983, as federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. Harlow v. Fitzgerald, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. See Farmer v. Brennan, 511 U.S. 825 (1994); see also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-44 (4th Cir. 1988).

To the extent that Plaintiff seeks to recover damages from the United States or the Office of the United States Attorney for the District of South Carolina, the Complaint submitted in this case is frivolous, because both of these defendants are entitled to rely on the doctrine of sovereign immunity from such claims. The Office of the United States Attorney for the District of South Carolina is, essentially, an agency of the United States itself.[3] As an agency of the government, it is entitled to sovereign immunity from damage claims such as those asserted by Plaintiff. The United States cannot be sued without its express consent, and express consent is a prerequisite to a suit against the United States. See United States v. Mitchell, 463 U.S. 206, 212 (1983). Furthermore, the bar of sovereign immunity cannot be avoided by naming officers or employees of the United States, including the United States Attorney for the District of South Carolina[4] or the South Carolina AUSA, as defendants. See Gilbert v. Da Grossa, 756 F.2d 1455, 1458 (9th Cir.

---

[3] In reality, it is a sub-agency of the Department of Justice.

[4] If Plaintiff intended to sue the United States Attorney for the District of South Carolina, individually, and not as an "office" or agency, the Complaint is subject to summary dismissal because the only possible basis of liability for the individual United States Attorney would be as the "supervisor" of the AUSA. The doctrine of vicarious liability or *respondeat superior* is not available in Bivens/§ 1983 actions, and there are no allegations of personal misconduct by the U.S. Attorney regarding the alleged Constitutional violation. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Page 4 of 8

PJG

1985); cf. Hawaii v. Gordon, 373 U.S. 57, 58 (1963). The United States has not consented to suit under Bivens, F.D.I.C. v. Meyer, 510 U.S. 471, 486 (1994) (extension of Bivens to agencies of the federal government is not supported by the logic of Bivens itself), but has consented to a suit for damages only under the Federal Tort Claims Act ("FTCA").

Although the FTCA waives the sovereign immunity of the United States in certain situations, litigants must strictly comply with the requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979). An administrative claim must first be filed with the appropriate federal agency before commencement of a civil action in a federal district court under the FTCA. Administrative claims must be filed on a Standard Form 95, which is promulgated by the United States Department of Justice. The Complaint filed in this case contains no indication that Plaintiff submitted a claim on the Standard Form 95 to the Department of Justice prior to filing this case. Accordingly, even if Plaintiff's allegations could be liberally construed as falling within the ambit of the FTCA, the Complaint would still be frivolous and subject to summary dismissal for failure of Plaintiff to prove that he exhausted his administrative remedies under the Act.

Finally, to the extent that Plaintiff asks for damages from the South Carolina AUSA (Defendant Moore) based on that defendant's refusal to file a separation order to keep Plaintiff and the informed-against inmate apart from each other or to say that Plaintiff provided sufficiently "substantial assistance" to support a Rule 35(b) motion, the Complaint is frivolous because such a claim is barred by the doctrine of prosecutorial immunity. Both of the alleged wrongful failures or refusals resulted from the South Carolina AUSA's performance of his routine, discretionary, prosecutorial functions in connection with the criminal case(s) against Plaintiff's fellow inmate. Prosecutors have absolute immunity for

PJG

their prosecution-related activities in or connected with judicial proceedings. See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); *Burns v. Reed,* 500 U.S. 478 (1991); Hart v. Jefferson County, 1995 WL 399619 (D.Ore., June 15, 1995) (allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Of particular importance in this case is the fact that it is well settled in this Circuit that prosecutors are absolutely immune from liability for damages based on their decisions about "whether and when to prosecute," Lyles v. Sparks, 79 F. 3d 372, 377(4th Cir. 1996), and whether or not to go forward with a prosecution. See Springmen v. Williams, 122 F. 3d 211, 212-13 (4th Cir. 1997).

Plaintiff's claims about the lack of separation when Plaintiff and the informed-against inmate were brought in to testify and about the AUSA's determination that his assistance was not substantial enough to justify a Rule 35(b) motion go directly to the AUSA's clearly prosecutorial decisions about when to prosecute or file motions, how to take testimony, and whether to even go forward with a prosecution or motion filing. The prosecutorial decisions under Rule 35 about how much assistance a criminal defendant has provided and whether that meets the definition of "substantial assistance" are clearly discretionary and, therefore, protected by absolute immunity. Wade v. United States, 504 U.S. 181, 185 (1992) (it is within prosecutor's discretion as to whether to file a "substantial assistance" motion); see also United States v. Maddox, 48 F. 3d 791, 796-97 (4th Cir. 1995); Campos-Alejo v. United States, No. 4:05-cv-3070-RBH., 2007 WL 1290592 (D.S.C. April 30, 2007). Plaintiff cannot recover any damages from Defendant Moore based on his performance of these functions.

*PJG*

**RECOMMENDATION**

Because Plaintiff seeks monetary damages and all three of the named Defendants have immunity from such claims, the Complaint is frivolous. Accordingly, the court recommends that the Complaint in this case be dismissed with prejudice and without issuance and service of process.

It is further recommended that this case be deemed a STRIKE for purposes of the "three-strike rule" under 28 U.S.C. § 1915(g).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 14, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).