UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William D. Morris, #09416-021, | ) | C/A No. 0:10-715-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| United States of America; United States | ) | |
| Attorney; and Mark Carroll Moore, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, William D. Morris, brings this action pursuant to 42 U.S.C. §

1983. He is currently incarcerated at the Federal Prison Camp in Beaumont, Texas. The

plaintiff pled guilty to criminal charges and was sentenced in the United States District Court

for the Southern District of Georgia. He was housed at the Federal Correctional Institution

in Estill, South Carolina at the time the events leading to this action occurred.

The plaintiff contends that he worked as a confidential informant for the United States

Attorneys Office in the District of South Carolina and provided information concerning

crimes committed by one of his fellow inmates at FCI Estill, Frank Paul Speagle. Mr.

Speagle was convicted and sentenced in the District of South Carolina by the Honorable

Margaret B. Seymour, United States District Judge, and defendant AUSA Mark Moore

served as the prosecutor in that criminal action. After he filed a motion for Speagle's

downward departure pursuant to Rule 35 of the Federal Rules of Criminal Procedure, AUSA

Moore moved to withdraw the motion upon learning of allegations of additional crimes

1

committed by Speagle. It appears from the record that the plaintiff provided information to

AUSA Moore directly related to such incriminating information. Here, plaintiff contends

that AUSA Moore failed to communicate plaintiff's alleged substantial assistance to the

AUSA in the Southern District of Georgia (who originally prosecuted the plaintiff) and that

he has not had the benefit of a Rule 35 motion for his work as a confidential informant. The

plaintiff also contends that the defendants placed plaintiff's life in constant danger by not

separating him from Speagle. He seeks monetary damages.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and

Recommendation and suggests that the complaint should be considered as a *Bivens* action

since all the named defendants are federal entities or employees. *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971). The Magistrate

Judge also opines that the defendants United States and United States Attorney are entitled

to rely on the doctrine of sovereign immunity as a bar to the plaintiff's damages claims.

*United States v. Mitchell*, 463 U.S. 206, 212 (1983). Further, the Magistrate Judge notes that

plaintiff's claims against defendant Moore are barred by the doctrine of prosecutorial

immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). The Report sets forth in detail the

relevant facts and standards of law on this matter, and the court incorporates such without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

a recitation and without a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation and the plaintiff has filed numerous objections. He has also moved for appointment of counsel and for the court to reconsider the Magistrate Judge's Report and Recommendation under Rule 59(e) of the Federal Rules of Civil Procedure.

As the Magistrate Judge correctly notes, the claims against the defendants are barred from suit under the doctrines of sovereign and prosecutorial immunity. The Magistrate Judge also points out that even if plaintiff's allegations could be liberally construed as falling within the ambit of the Federal Tort Claims Act, the complaint would be subject to summary dismissal for failure of the plaintiff to prove that he has exhausted his administrative remedies under the Act.

In his objections to the Report, the plaintiff contends that his suit is proper because the United States District Court Clerk's Office supplied him with the blank § 1983 forms and that *pro se* litigants cannot be held accountable for FTCA requirements of filing a Form 95 with the United States Department of Justice if the Clerk's Office did not provide such information or forms. The Clerk's Office cannot be held responsible for the plaintiff's failure to properly pursue his case. Moreover, the Clerk's Office may not render legal advice concerning the completion of forms. This objection is overruled.

The plaintiff next contends that his life is in imminent danger because the defendants have "exposed [him] to the killers." It appears that the plaintiff was temporarily placed in

a holding cell next to Speagle on Mary 14, 2009 when the plaintiff and Speagle were transported to the courthouse in Columbia, South Carolina for a hearing on the government's motion to withdraw its previously filed Rule 35 motion on behalf of Speagle. The plaintiff was brought to the hearing in anticipation of testifying on behalf of the government, but was ultimately not called to do so. Thereafter on June 5, 2009, the plaintiff states that he was returned to FCI Estill and placed in protective custody.

Attached to one of the plaintiff's objections is a notice from the Warden of FCI Estill, dated September 4, 2009, referencing the plaintiff's inmate request to be released from protective custody and returned to the prison's general population. The Warden declined the plaintiff's request noting that after an investigation, a verifiable threat to the plaintiff's safety was found and that the plaintiff would remain in the special housing unit until he could be transferred to another institution. This court is unsure why the plaintiff, who claims his life is in imminent danger, requested that he be placed back in the general population. In any event, this court has no authority to direct the Warden or the Bureau of Prisons as to how they should house or protect inmates. As the plaintiff has now been transferred to the Federal Prison Camp in Beaumont, Texas, it appears that the potential threat of proximity to inmate Speagle has been resolved. This objection is overruled.

As to the plaintiff's assertions that defendant AUSA Moore failed to provide the AUSA in the Southern District of Georgia with notice of the plaintiff's alleged assistance in the Speagle matter, this court has no authority to compel the government to notify an AUSA

in another District of information provided or to move for a defendant's reduction under Rule 35. The government ultimately retains discretion to determine whether to actually file a motion for reduction of sentence. This court can only review the government's refusal to do so if such decision was based upon an unconstitutional motive or upon a factor not rationally related to a legitimate governmental end. *Wade v. United States*, 504 U.S. 181 (1992). Moreover, the decision to file a Rule 35 motion must be made by the United States Attorney in the Southern District of Georgia and ultimately decided by the sentencing court in that District.

The plaintiff's objections are without merit and cumulative of the claims he has made in his original complaint and are therefore overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process. The court declines to deem this action a strike under 28 U.S.C. Section 1915(g).

The plaintiff's motions for appointment of counsel and to reconsider are denied.

IT IS SO ORDERED.

July 8, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge